UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| NINE THOUSAND, SEVEN HUNDRED | ) |
| AND EIGHTY-EIGHT DOLLARS ($9,788.00) | ) |
| U.S. CURRENCY, and | ) |
| | ) |
| SIX THOUSAND, FIVE HUNDRED AND | ) |
| ONE DOLLARS ($6,501.00) U.S. CURRENCY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**VERIFIED COMPLAINT OF FORFEITURE**

The, United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Stephen Casey, Assistant United States Attorney, in a civil cause of action for forfeiture respectfully states as follows:

1. In this *in rem* civil action the United States seeks forfeiture of certain property, currently in the possession and custody of the plaintiff pursuant to the provisions of Title 21, United States Code, Section 881.

2. Subject Matter Jurisdiction of this Court is based on Title 28, United States Code, Sections 1345, 1355(a), Title 18, United States Code, Section 981, and Title 21, United States Code, Section 881. *In rem* jurisdiction is based on Title 28, United States Code, Section 1355. Venue is proper in this district pursuant to Title 28, United States Code, Sections 1355 &1395 and Title 21, United States Code, Section 881(j).

3. The defendant property was furnished or intended to be furnished in exchange for controlled substances in violation of the Controlled Substances Act, Title 21, United States Code, Section 801 *et seq.*, was proceeds traceable to such an exchange, and was used or intended to be used to facilitate such an exchange. The defendant property is therefore subject to forfeiture to the United States of America, under the provisions of Title 21, United States Code, Section 881.

4. The defendant property was seized in the Eastern District of Missouri and is now, and during the pendency of this action will be in the jurisdiction of this court.

5. On or about August 14, 2015, the below defendant property was seized by the Drug Enforcement Administration:

   i. $9,788.00 U.S. Currency; and

   ii. $6,501.00 U.S. Currency.

6. The plaintiff alleges the defendant property is subject to forfeiture and for its reasons states as follows:

7. In January 2014, Investigators from the Drug Enforcement Administration (DEA) initiated an investigation into a drug-trafficking organization involving Barry Ray, Jr. and his source of supply William Ball. Ray and Ball were suspected of distributing large quantities of heroin throughout the metropolitan St. Louis, Missouri area. Investigators have utilized source information, law-enforcement surveillance operations, statements made by individuals as part of this investigation, Title III wiretap intelligence, and other investigative procedures to identify the extent of Ray and Ball's involvement in the drug trafficking enterprise.

8. Between approximately March 30, 2015 and May 1, 2015, DEA investigators utilized a DEA Confidential Source (CS) who conducted four separate purchases of heroin, culminating in the seizure of approximately one hundred (100) grams of heroin.

9. Prior to one controlled heroin transaction, investigators located Ray at the residence of Ball. While Ray was still at the residence of Ball, the CS arranged for the controlled transaction. As Ray left Ball's residence, Ray and Ball had an extended conversation in front of the residence. Thereafter Ray conducted the heroin transaction.

10. During the course of the investigation, investigators obtained authorization to intercept communications to and from phones utilized by Ray and Ball.

11. In July 2015, investigators intercepted conversation between Ray and Ball related to heroin trafficking. The intercepts indicated Ray was seeking to obtain heroin from Ball.

12. During this time, investigators also intercepted Ray arranging heroin transactions with others. Surveillance concurrent with those intercepts revealed the heroin transactions took place at Ball's residence. Further, intercepts of text messages combined with surveillance of Ray indicated Ray was processing heroin at Ball's residence.

13. In August 2015, investigators intercepted a call between Ray and an unidentified male where they discussed Ray's availability to obtain an undetermined amount of heroin from Ball.

14. A short time after the call, investigators located Ray's vehicle parked outside Ball's residence. Investigator's observed Ray exit Ball's residence and get in his car. RAY drove around the block and parked back near Ball's residence and re-entered the residence. A short time thereafter, Ray placed a call to the unidentified male where they discussed the amount and

price of the heroin to be purchased. Ray and the unidentified male agreed to the sale, and the unidentified male told Ray to bring him the heroin. Shortly thereafter, investigators observed Ray exit Ball's residence and travel away from the residence.

15. Investigators conducted a traffic stop of Ray's vehicle. During a search of the vehicle, investigators found approximately three ounces of heroin.

16. Later that day, investigators executed a search warrant at the residence of Ball. During the search, investigators discovered and seized multiple items, including but not limited to: $9,788.00 U.S. currency, a digital scale, an Inter Ordinance 10K-47C assault rifle, a Sturm Ruger P9S semi-automatic pistol with a loaded magazine, and miscellaneous ammunition.

17. Contemporaneous with the search at Ball's residence, investigators conducted a traffic stop of Ball. During a search of Ball's vehicle, investigators located and seized $6,501.00 U.S. currency located in Ball's pocket, and a .40 caliber Ruger SR40 pistol located in the center console of the vehicle.

18. By reason of these premises, the defendant property is subject to forfeiture to the United States, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1) and Title 21, United States Code, Section 881.

WHEREFORE, Plaintiff prays that a Warrant for Arrest be issued for the defendant property and the defendant property be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the plaintiff be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney


*/s/ Stephen Casey*
STEPHEN CASEY, #58879MO
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102


**VERIFICATION**

I, Michael J. Cossou, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint in rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Drug Enforcement Administration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: __1-19-2017__
                 (date)

__[signature]__
Michael J. Cossou
Special Agent
Drug Enforcement Administration

5